IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Allen C. Poteat, # 87064, | ) | Civil Action No.: 0:02-3061-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Larry W. Powers, Captain NFN Speller, | ) | |
| Lieutenant NFN Miller, Sergeant NFN | ) | |
| Freeman, Cpl. NFN Murray, Cpl. NFN | ) | |
| Watson, Officer NFN Ostercheck, Officer | ) | |
| NFN Ferren, and Cpl. NFN Simmons, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was a pretrial detainee at the Spartanburg County Detention Facility ("SCDF"). By Order filed January 9, 2004, defendant Bianco was dismissed as a party defendant in this case. Also, by Order filed March 31, 2005, this Court granted the defendants' motion for summary judgment as to Defendants Speller, Simmons, Ostercheck, Ferren, Miller, Watson, and Powers and denied the motion as to Defendants Murray and Freeman.

As the Defendants' motion for summary judgment has been denied in part, the case should proceed to trial. After a review of the pleadings and applicable law the Court has determined that there are unusual circumstances in this case which would justify the appointment of counsel for the plaintiff. There is no right to appointment of counsel in Section 1983 cases. *See Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975); *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). However, the Court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(e); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971). "The power to appointment

is a discretionary one, but it is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances." *Whisenant*, 739 F.2d 160, 163 (4th Cir. 1984) (*citing Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975)).

The plaintiff, acting *pro se*, has alleged a colorable claim that the defendants violated his constitutional rights. The plaintiff has no legal training and limited resources with which to prepare for a jury trial. Under these circumstances, the Court finds that the appointment of counsel is justified.

For the reasons stated above, this Court appoints Joseph Bradley Bennett, Esquire, of the Salvini and Bennett Law Firm, 101 W. Park Ave., Greenville, South Carolina 29601, (864) 232-5800 to represent the plaintiff. Mr. Bennett is experienced and knowledgeable in these matters.

Mr. Bennett is ordered to contact his client as soon as possible, who is currently incarcerated at the Kershaw Correctional Institute. The Clerk of Court's Office is directed to produce any and all documents on file with their office to Mr. Bennett. The attorney for the defendants is ordered to immediately contact Mr. Bennett regarding the mediation of this case with United States Magistrate Judge William M. Catoe, serving as mediator. The parties are ordered to mediate this case within thirty (30) days of the date of this Order. The Court is presently giving serious consideration for the possible trial of this case at its next term of court in Greenville, South Carolina beginning on January 31, 2005.

It is hereby **ORDERED** that Joseph Bradley Bennett is **APPOINTED** as counsel to assist plaintiff in the instant case. The parties are **ORDERED** to mediate this case within thirty (30) days of the date of this Order and to immediately contact Magistrate Judge Catoe so that the mediation can be completed within the ordered time frame. The Clerk of Court is **DIRECTED** to send a copy of this Order to the plaintiff so that he will be aware of the appointment of counsel.

**IT IS SO ORDERED.**

     s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

December 16, 2005
Florence, South Carolina

3